Hua Chen
*huachen@scienbizippc.com*
SCIENBIZIP, P.C.
550 South Hope Street, Suite 2825
Los Angeles, California 90071
Telephone: (213) 426-1778

*Counsel for Defendant*
ADLER ELEKTROTECHNIK LEIPZIG GMBH.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LITTELFUSE, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>ADLER ELEKTROTECHNIK LEIPZIG GMBH,<br><br>Defendants. | Case Number: 3:23-cv-05841-RFL<br><br>**ANSWER TO COMPLAINT** |

Defendant Adler Elektrotechnik Leipzig GMBH ("Adler"), by and through its undersigned counsel, answers Plaintiff Littelfuse, Inc's Complaint as follows:

**THE PARTIES**

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

2. Admitted as to Adler being a German limited liability company. Admitted as to having a place of business in Leipzig, Germany. Admitted as selling in-line fuses. Otherwise, denied.

3. Admitted as to World Product being a distributor for Defendant in the United States. Otherwise, denied. With respect to all other allegations and co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

**JURISDICTION, VENUE, AND DIVISIONAL ASSIGNMENT**

4. Admitted as to the complaint having a claim for patent infringement pursuant to Title 35, United States Code. Otherwise, denied.

5. Admitted.

6. Denied.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

8. Denied with respect to Defendant. With respect to co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

9. Admitted with respect to divisional assignment as this action involves intellectual property rights. Otherwise, denied.

**FACTUAL ALLEGATIONS**

10. Admitted that the title appearing on the face of U.S. Patent No. 9,564,281 (the "'281 patent") is "Fuse End Cap With Crimpable Terminal". Otherwise, denied. Defendant further states that the exhibit used by Plaintiff speaks for itself.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it. Defendant further states that the exhibit used by Plaintiff speaks for itself.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it. Defendant further states that the exhibit used by Plaintiff speaks for itself.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it. Defendant further states that the exhibit used by Plaintiff speaks for itself.

15. Admitted as to Defendant offering for sale and/or selling A74, A78, A79, A84, A85, and A89 fuses, including in-line versions. Otherwise, denied.

16. Admitted as to Defendant offering for sale and/or selling A74, A78, A79, A84, A85, and A89 fuses. Admitted that these products have different versions. Otherwise, denied.

17. Defendant makes no answer to the allegations in this paragraph to the extent those allegations state legal conclusions rather than assertions of fact. Otherwise, denied.

18. Admitted that Defendant has sold at least one of the A74, A78, A79, A84, A85, and A89 fuse products in the United States. Otherwise, denied.

19. Defendant makes no answer to the allegations in this paragraph to the extent those allegations state legal conclusions rather than assertions of fact. Otherwise, denied.

20. Admitted that the chart shows purported Adler Data Sheets. Otherwise, denied.

21. Admitted that the image shows a purported A84 fuse. Otherwise, denied.

22. Admitted that at least one of the Defendant's A74, A78, A79, A84, A85, and A89 fuse products was shipped to World Product. Otherwise, denied.

23. Admitted that Defendant was made aware of a letter sent by Plaintiff's counsel to World Product purportedly dated April 4, 2023. Otherwise, denied.

24. Defendant makes no answer to the allegations in this paragraph to the extent those allegations state legal conclusions rather than assertions of fact. Otherwise, denied.

25. Defendant makes no answer to the allegations in this paragraph to the extent those allegations state legal conclusions rather than assertions of fact. Otherwise, denied.

26. Denied with respect to Defendant. With respect to co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

27. Denied with respect to Defendant. With respect to co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

28. Denied with respect to Defendant. With respect to co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

29. Denied with respect to Defendant. With respect to co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

30. Denied with respect to Defendant. With respect to co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

**COUNT I – DIRECT PATENT INFRINGEMENT BY ADLER AND WORLD PRODUCTS**

**(Violation of 35 U.S.C. § 271(a))**

31. Defendant repeats and incorporates by reference herein each of its responses to Plaintiff's allegations as set forth in the preceding paragraphs.

32. Denied with respect to Defendant. With respect to co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

33. Denied with respect to Defendant. With respect to co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

34. Denied with respect to Defendant. With respect to co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

35. Denied with respect to Defendant. With respect to co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

36. Denied with respect to Defendant. With respect to co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

37. Denied with respect to Defendant. With respect to co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

## COUNT II – INDIRECT PATENT INFRINGEMENT BY ADLER AND WORLD PRODUCTS

**(Violation of 35 U.S.C. §271(b) and (c))**

38. Defendant repeats and incorporates by reference herein each of its responses to Plaintiff's allegations as set forth in the preceding paragraphs.

39. Denied with respect to Defendant. With respect to co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

40. Denied with respect to Defendant. With respect to co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

41. Denied with respect to Defendant. With respect to co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

42. Denied with respect to Defendant. With respect to co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

43. Denied with respect to Defendant. With respect to co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

44. Denied with respect to Defendant. With respect to co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

45. Denied with respect to Defendant. With respect to co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

46. Denied with respect to Defendant. With respect to co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

47. Denied with respect to Defendant. With respect to co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

48. Denied with respect to Defendant. With respect to co-defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

## PLAINTIFF’S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief whatsoever arising from any claim or set of allegations set forth in the complaint, and on that basis deny Plaintiff’s prayer for relief in its entirety.

## GENERAL DENIAL

Defendant denies each and every allegation in the complaint to the extent not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, Defendant alleges and asserts the following defenses in response to the allegations in the complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Defendant specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery or further investigation in this action.

## FIRST DEFENSE

**(Non-Infringement)**

Defendant does not infringe and has not directly infringed (either literally or under the doctrine of equivalents), induced infringement of, or contributed to the infringement of any valid and enforceable claims of the ’281 patent.

**SECOND DEFENSE**

**(Invalidity)**

The claims of the ’281 patent are invalid under 35 U.S.C. § 102 because the claims lack novelty, and are disclosed, taught, and suggested by the prior art.

The claims of the ’281 patent are invalid under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

The claims of the ’281 patent are invalid for failure satisfy the conditions set forth in 35 U.S.C. § 112, including lack of written description, lack of enablement, and claim indefiniteness.

**THIRD DEFENSE**

**(Prosecution History Estoppel and/or Disclaimer)**

By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicant during the prosecution of the patent application that led to the issuance of the ’281 patent, Plaintiff’s claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel. To the extent Plaintiff’s claims for infringement of the asserted patent in the Complaint is based on the doctrine of equivalents, Plaintiff is barred under the doctrine of prosecution history estoppel and/or other limits to the doctrine of equivalents, and Plaintiff is estopped from claiming that the asserted patents cover any accused method, system, and/or product.

**FOURTH DEFENSE**

**(Damages and Cost Limitation)**

On information and belief, Plaintiff’s claims for relief are limited or barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288.

**FIFTH DEFENSE**

**(Equitable Defenses)**

On information and believe, all or some of Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of waiver, implied waiver, acquiescence, equitable estoppel, promissory estoppel, patent misuse, unfair competition, unclean hands, and/or other equitable remedies.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiff, and grant the following relief:

A. Dismissing, with prejudice, the Complaint in its entirety against Defendant;

B. Denying all relief that Plaintiff seeks in its Complaint;

C. Declaring that Defendant does not now and have never infringed, induced the infringement of, or contributed to the infringement of any valid and enforceable claims of the asserted patent in the Complaint;

D. Declaring that the claims of the asserted patent in the Complaint are invalid;

E. Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Defendant costs and attorneys' fees;

F. Awarding Defendant its costs, expenses, disbursements, and attorneys' fees incurred in connection with this action; and

G. Awarding Defendant any other relief the Court deems just and equitable.

Dated: April 18, 2024

Respectfully submitted,

*/s/ Hua Chen*

Hua Chen
*huachen@scienbizippc.com*
SCIENBIZIP, P.C.
550 South Hope Street, Suite 2825
Los Angeles, California 90071
Telephone: (213) 426-1778

*Counsel for Defendants*
ADLER ELEKTROTECHNIK LEIPZIG GMBH